which was granted without further remark by the trial justice. No grounds whatever were specified for the motion, nor was any reason therefor given by the trial justice in announcing his decision. We are therefore bound to consider all the evidence in the case in a manner and from a standpoint most favorable to the support of the plaintiff's claim, and to uphold the decision of the trial court only where it is apparent that the plaintiff's case is utterly destitute of any legal foundation. Taking the contract as it was testified to by the plaintiff and his witnesses, we are of opinion that the transaction between the plaintiff and the defendant was a sale, with the right, however, on the part of the defendant to terminate the contract in whole or in part by a return of the goods within a specified time. Such a transaction has been defined to be a conditional sale, and, if the right of return is not duly exercised, and the property is retained after the time specified, or after the lapse of a reasonable time if no time is specified, the right is forfeited, and the sale becomes absolute, like any other sale. Costello v. Herbst, 18 Misc. Rep. 176, 41 N. Y. Supp. 574. In the case at bar the goods were not returned within the specified period, and the plaintiff had a right to bring his action as for goods sold and delivered, for the recovery of the price which had been agreed upon between the parties. The trial court therefore erred in dismissing the complaint, and a new trial should be ordered.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

## MESSER v. HATKOFF.

(Supreme Court, Appellate Term. October 16, 1900.)

1. APPEAL—VERDICT—EVIDENCE.
  A judgment based on conflicting evidence on a trial by the court will not be disturbed on appeal, unless against the weight of the evidence.

2. SAME—REVIEW—JUDGMENT—REDUCTION—AFFIRMANCE.
  Where no proof was given on the trial of a cause as to an item which was included in the judgment, such inclusion having doubtless been through inadvertence, the judgment would be modified by deducting such item, and otherwise affirmed.

Appeal from municipal court of city of New York.

Action by William Messer against Nathan Hatkoff. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

P. Hellinger, for appellant.

J. Gruenberg, for respondent.

PER CURIAM. The trial justice decided this case upon conflicting evidence. It was peculiarly his province so to do, and unless against the weight of evidence, which, after an examination of the proofs, we cannot assert, the judgment must be affirmed.

Our attention is called, however, to an item of the recovery amounting to $1.50, as to which no proof whatsoever was given, and which,

doubtless through inadvertence, was included by the trial justice in the judgment.

The judgment will therefore be modified by deducting therefrom the item in question, and as so modified affirmed, with costs to the respondent.